Filed 8/11/21  In re D.U. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| IN RE D.U., a Person Coming Under the Juvenile Court Law. | H048002 (Santa Clara County Super. Ct. No. 19JV43729) |
| THE PEOPLE, Plaintiff and Respondent, v. D.U., Defendant and Appellant. | |

The minor, D.U., admitted allegations that he committed misdemeanor fighting or challenging another to fight in public (Pen. Code, § 415, subd. (1)) and misdemeanor taking or unlawfully using a vehicle (Veh. Code, § 10851, subd. (a)).  The juvenile court ordered that the minor, who was already a ward of the court due to prior sustained petitions, continue as a ward of the court under the supervision of a probation officer.

On appeal, the minor's appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) that states the case and facts but raises no issue.  We notified the minor of his right to submit written argument on his own behalf within 30 days.  That period has elapsed, and we have received no response from the minor.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106 (*Kelly*), we have reviewed the entire record. Following the California Supreme Court's direction in *Kelly*, *supra*, at page 110, we provide a brief description of the facts and the procedural history of the case.

## BACKGROUND

The minor was the subject of two prior petitions under Welfare and Institution Code section 602.[1] Regarding the first petition, in mid-2019, the minor admitted committing misdemeanor exhibiting a deadly weapon other than a firearm (Pen. Code, § 417, subd. (a)(1)). He was declared a ward of the court and ordered to participate in the "Court for the Individualized Treatment of Adolescents." The minor was placed on probation and ordered to serve 30 days on the electronic monitoring program. Regarding the second petition, in late 2019, the minor admitted committing the offenses of taking or unlawfully using a vehicle (Veh. Code, § 10851, subd. (a)) and misdemeanor evading a peace officer (*id.*, § 2800.1, subd. (a)). The minor was continued as a ward of the court and ordered to serve 45 days on the electronic monitoring program.

Relevant to this appeal, on February 3, 2020, the minor and another juvenile followed the victim at school after the victim refused to give them his AirPods. The minor and the other juvenile threatened and/or challenged the victim to fight. The victim had two metal baseball bats sticking out of his backpack. The minor took one of the bats and raised it over his head. The victim was afraid the minor was going to hit him. The victim was able to prevent the other juvenile from taking the second bat. When a teacher intervened, the minor ran off and threw the bat in a trash can.

On February 5, 2020, a third section 602 petition was filed alleging that the minor, then age 16, committed the misdemeanor offense of exhibiting a deadly weapon other than a firearm, a baseball bat (Pen. Code, § 417, subd. (a)(1)). The juvenile court ordered

---

[1] All further statutory references are to the Welfare and Institution Code unless otherwise indicated.

2

a section 241.1[2] report and a screening for "Wraparound" services. In the meantime, on February 24, 2020, a fourth section 602 petition was filed alleging that the minor committed the offenses of taking or unlawfully using a vehicle (Veh. Code, § 10851, subd. (a)) and misdemeanor resisting an officer (Pen. Code, § 148, subd. (a)(1)) in October 2019. According to the section 241.1 report, the petition was based on an incident in October 2019, when the police saw the minor run away from the scene of a vehicle collision involving a stolen vehicle.

On March 3, 2020, on motion of the prosecutor, the third petition was amended to add a count alleging that the minor committed misdemeanor fighting or challenging another to fight in public (Pen. Code, § 415, subd. (1)). In addition, the fourth petition was amended to allege as a misdemeanor, instead of a felony, taking or unlawfully using a vehicle (Veh. Code, § 10851, subd. (a)). The minor admitted committing these two misdemeanor offenses. The court accepted the minor's admissions and dismissed the remaining counts in the third and fourth petitions on motion of the prosecutor. The court also adopted the recommendations in the section 241.1 report, including that the minor be a "dually involved youth."

A dispositional hearing for the third and fourth petitions was held on March 17, 2020. The court continued the minor as a ward of the court and on probation. The minor was ordered to serve 30 days on the community release program. The minor and his parent were to receive intensive home-based family services (Wraparound services) as arranged by the probation officer. The court made a general order of restitution and ordered the minor and his parent jointly and severally responsible. The court also

[2] Section 241.1 states: "Whenever a minor appears to come within the description of both Section 300 and Section 601 or 602, the county probation department and the child welfare services department shall, pursuant to a jointly developed written protocol described in subdivision (b), initially determine which status will serve the best interests of the minor and the protection of society. The recommendations of both departments shall be presented to the juvenile court . . . , and the court shall determine which status is appropriate for the minor. . . ."

ordered that the minor have no contact with the victims.  The court stayed or declined to impose various fines recommended by the probation officer.  The court ordered that its findings be transmitted to the Department of Motor Vehicles for the purposes of suspending the minor's driving privilege for one year.  (Veh. Code, § 13357.)

On March 18, 2020, the minor filed a notice of appeal.

## DISCUSSION

Having carefully reviewed the entire record, we conclude that there is no arguable issue on appeal.  (*Wende*, *supra*, 25 Cal.3d at pp. 441-443.)

## DISPOSITION

The dispositional order of March 17, 2020, is affirmed.

_____
BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____
ELIA, ACTING P.J.

_____
DANNER, J.

***People v. D.U.***
**H048002**